# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

| | |
|---|---|
| **JUSTIN TAYLOR, Individually and For Others Similarly Situated,** | Case No. 1:21-cv-477 |
| v. | **JURY TRIAL DEMANDED** |
| **HUNT, GUILLOT, & ASSOCIATES, LLC** | **CLASS AND COLLECTIVE ACTION** |

# COMPLAINT

## SUMMARY

1. Hunt, Guillot, & Associates, LLC (HGA) failed to pay Justin Taylor (Taylor) and other workers like him, overtime as required by the Fair Labor Standards Act (FLSA) and the New Mexico Minimum Wage Act, NMSA §50-4-19, *et. seq.* (NMMWA).

2. Instead, HGA paid Taylor and other workers like him a day rate regardless of the number of hours worked in a day or week.

3. Taylor brings this lawsuit to recover unpaid overtime wages and other damages owed under the FLSA and NMMWA.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this Action involves a federal question under the FLSA. The Court also has supplemental jurisdiction over any state law sub-class pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because HGA conducts substantial business in New Mexico.

6. Taylor worked for HGA in New Mexico, in and around Jal and Carlsbad.

## THE PARTIES

7. During the relevant period, Taylor was day rate inspector of HGA.

8. Throughout his employment with HGA, Taylor was paid a day rate with no overtime compensation.

9. His written consent is attached herein as <u>Exhibit A</u>.

10. Taylor brings this action on behalf of himself and other similarly situated workers who were paid by HGA's day rate system.

11. The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> **All employees of Hunt, Guillot, and Associates during the past 3 years who were paid day rate with no overtime (the "FLSA Class Members").**

12. Taylor seeks conditional and final certification of this Putative Class in this collective action under 29 U.S.C. § 216(b).

13. Taylor also seeks class certification under Fed. R. Civ. P. 23 of the following class under the NMMWA:

> **All employees of Hunt, Guillot, and Associates working in New Mexico during the past 3 years who were paid a day rate with no overtime (the "New Mexico Class Members").**

14. Collectively, the FLSA Class Members and the New Mexico Class Members are referred to as the Putative Class Members.

15. HGA may be served with process by serving its registered agent Registered Agent Solutions, Inc., 206 S Corondao Ave., Espanola, New Mexico 87532.

### COVERAGE UNDER THE FLSA

16. At all times hereinafter mentioned, HGA was and is an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

17. At all times hereinafter mentioned, HGA was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

18. At all times hereinafter mentioned, HGA was and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

19. HGA has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or were produced for commerce, such as hand tools, automobiles, computers, and cell phones.

20. At all times hereinafter mentioned, Taylor and the FLSA Class Members were engaged in commerce or in the production of goods for commerce per 29 U.S.C. §§ 206-207.

## THE FACTS

21. HGA is a staffing company that provides recruitment services to the oil and gas, power, and construction industries, among others.

22. HGA staffs employees to these industries throughout the United States.

23. HGA has offices throughout the United States.

24. In order to provide services to its clients, HGA hires employees it pays on a day rate basis regardless of the number of hours the employees work in a day or week.

25. Taylor worked for HGA as a Welding Inspector.

26. Taylor performed pipeline inspections.

27. Taylor was staffed to EnLink Midstream around Carlsbad, New Mexico.

28. Taylor was paid between $400 to $500 for each day he worked.

29. Taylor was employed by HGA from July of 2018 until January of 2019.

30. Taylor was a day rate employee of HGA.

31. Taylor was not paid a guaranteed salary.

32. Taylor received a day rate regardless of the number of hours he worked.

33. Taylor regularly work more than 40 hours in a week.

34. In fact, Taylor routinely 60 hours a week.

35. If Taylor worked 6 days in a week and 60 hours, he would have been paid his normal day rate multiplied by the 6 days worked.

36. The hours Taylor worked should be reflected in HGA's payroll records.

37. HGA did not pay Taylor overtime for all hours worked in excess of 40 hours in a single workweek.

38. Rather than receiving time and half as required by the FLSA and the NMMWA, Taylor only received his normal day rate even if he worked overtime hours.

39. This day rate payment scheme violates the FLSA and the NMMWA.

40. HGA was aware of the overtime requirements of the FLSA and the NMMWA.

41. HGA nonetheless failed to pay certain day rate employees, such as Taylor, overtime.

42. Taylor and the Putative Class Members perform job duties in furtherance of the energy industry business sector and are subjected to similar compensation practices.

43. Taylor and the Putative Class Members also worked similar hours and were denied overtime because of the same illegal pay practice.

44. Taylor and the Putative Class Members regularly worked in excess of 40 hours each week.

45. HGA did not pay Taylor and the Putative Class Members on a salary basis.

46. HGA paid Taylor and the Putative Class Members a day rate.

47. HGA failed to pay Taylor and the Putative Class Members overtime for hours worked in excess of 40 hours in a single workweek.

48. HGA knew, or acted with reckless disregard for whether, Taylor and the Putative Class Members were paid in accordance with the FLSA or the NMMWA.

49. HGA's failure to pay overtime to these day rate workers was, and is, a willful violation of the FLSA and the NMMWA.

### FLSA VIOLATIONS

50. By failing to pay Taylor and those FLSA Class overtime at one-and-one-half times their regular rates, HGA violated the FLSA's overtime provisions.

51. HGA owes Taylor and FLSA Class their unpaid overtime.

52. Because HGA knew, or showed reckless disregard for whether, its pay practices violated the FLSA, HGA owes these wages for at least the past three years.

53. HGA is liable to Taylor and the FLSA Class for an amount equal to all unpaid overtime wages as liquidated damages.

54. Taylor and those similarly situated to him are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

### NMMWA VIOLATIONS

55. Taylor brings this claim under the NMMWA as a Rule 23 class action.

56. The conduct alleged violates the NMMWA (NMSA § 50-4-22).

57. At all relevant times, HGA was subject to the requirements of the NMMWA.

58. At all relevant times, HGA employed Taylor and each member of the New Mexico Class as an "employee" within the meaning of the NMMWA.

59. The NMMWA required HGA to pay its employees at 1 and ½ times the regular rate of pay for hours worked in excess of 40 hours in any one week.

60. Taylor and each member of the New Mexico Class are entitled to overtime pay under the NMMWA.

61. HGA had a policy and practice of paying Taylor and each member of the New Mexico Class a day rate and failing to pay these workers overtime for hours worked in excess of 40 hours per workweek.

62. Taylor and each member of the New Mexico Class seek unpaid overtime in amount equal to 1 and ½ times their regular rates of pay for hours worked in excess of 40 in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

63. Taylor and each member of the New Mexico Class also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by HGA, as provided by the NMMWA.

64. The improper pay practices at issue were part of a continuing course of conduct, entitling Taylor and New Mexico Class Members to recover for all such violations, regardless of the date they occurred.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

65. The illegal pay practices HGA imposed on Taylor were imposed on the Putative Class Members.

66. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA and NMMWA.

67. Numerous other individuals who worked with Taylor were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by federal and state wage laws.

68. Based on his experiences and tenure with HGA, Taylor is aware that HGA's illegal practices were imposed on the Putative Class Members.

69. The Putative Class Members were not paid overtime when they worked more than 40 hours per week.

70. HGA's failure to pay overtime at the rates required by federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

71. Taylor's experiences are therefore typical of the experiences of the Putative Class Members.

72. The specific job titles or precise job locations of the various members of the Putative Class Members do not prevent class or collective treatment.

73. Taylor has no interests contrary to, or in conflict with, the Putative Class Members.

74. Like each Putative Class Member, Taylor has an interest in obtaining the unpaid overtime wages owed under federal and state law.

75. The precise size and the identity of other Putative Class Members is ascertainable from the payroll records, business records, tax records, and/or employee or personnel records maintained by HGA.

76. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

77. Absent a class or collective action, many Putative Class Members will not obtain redress of their injuries and HGA will reap the unjust benefits of violating the FLSA and NMMWA.

78. Furthermore, even if some Putative Class Members could afford individual litigation against HGA, it would be unduly burdensome to the judicial system.

79. If individual actions were required to be brought by each Putative Class Member, it would necessarily result in a multiplicity of lawsuits and would create hardship to Putative Class Members, to HGA, and to the Court.

80. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members and provide for judicial consistency.

81. The questions of law and fact common to each of Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

- a. Whether Taylor and the Putative Class Members' FLSA and NMMWA rights were violated as a result of HGA's day rate policy;
- b. Whether HGA required Taylor and the Putative Class Members to work more than 40 hours during individual work weeks;
- c. Whether HGA's decision to pay Taylor and the Putative Class Members a day rate was made in good faith;
- d. Whether HGA paid Taylor and the Putative Class Members on a salary basis;
- e. Whether HGA failed to pay Taylor and the Putative Class Members at a rate of one and one-half times their regular rate of pay when they worked more than 40 hours in a single workweek;
- f. Whether HGA's violation of the FLSA and NMMWA was willful; and
- g. Whether HGA's illegal pay practices were applied uniformly across the nation to Taylor and all the Putative Class Members.

82. Taylor and the Putative Class Members sustained damages arising out of HGA's illegal and uniform employment policy.

83. Taylor knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class and collective action.

84. Taylor will fairly and adequately represent and protect the interests of the Putative Class Members.

85. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

## JURY DEMAND

86. Taylor demands a Jury trial.

## PRAYER

87. Taylor prays for relief as follows:

    a. An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all FLSA Class Members with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

    b. For an Order pursuant to Section 16(b) of the FLSA finding HGA liable for unpaid back wages due to Taylor and the Putative Class Members for liquidated damages equal in amount to their unpaid compensation;

    c. For an Order designating the state law class as a class action pursuant to Fed. R. Civ. P. 23;

    d. For an Order appointing Taylor and his counsel as Class Representative and Class Counsel to represent the interests of both the federal and state law classes;

    e. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

    f. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

By: */s/ Rex Burch*
    Richard J. (Rex) Burch
    Texas Bar No. 24001807
    11 Greenway Plaza, Suite 3025
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

    **AND**

    Michael A. Josephson
    State Bar No. 24014780
    Andrew W. Dunlap
    State Bar No. 24078444
    Richard M. Schreiber
    State Bar No. 24056278
    **JOSEPHSON DUNLAP LLP**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile
    mjosephson@mybackwages.com
    adunlap@mybackwages.com
    rschreiber@mybackwages.com

**ATTORNEYS IN CHARGE FOR PLAINTIFFS**